# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS ROBINSON,<br><br>   Plaintiff,<br>vs.<br><br>BANK OF AMERICA, N.A., AZTEC FORECLOSURE CORPORATION, PHH MORTGAGE CORPORATION, ROBERT E. WEISS INCORPORATED, DOES 1 THROUGH 100,<br>   Defendants. | CASE NO. 12-cv-983-MMA (NLS)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>[Doc. No. 18] |

Currently before the Court is Defendants' Bank of America, N.A. and PHH Mortgage Corporation's motion to dismiss Plaintiff Marcus Robinson's complaint in the above-captioned foreclosure action pursuant to Federal Rule of Civil Procedure 12(b)(6). [Doc. No. 18.] The motion is unopposed. For the reasons set forth below, the Court **GRANTS** the motion and **DISMISSES** Plaintiff's complaint without prejudice.

## I. BACKGROUND

This action arises from events surrounding the foreclosure proceedings against Plaintiff's property, located at 2628 Secret Lake Lane, Fallbrook, CA 92028. On April 20, 2012, Plaintiff Marcus Robinson, proceeding *pro se*, filed this foreclosure action against Defendants Bank of America, N.A. ("BOA"), Aztec Foreclosure Corporation ("Aztec"), PHH Mortgage Corporation ("PHH"), and Robert E. Weiss Incorporated ("Weiss"). [Doc. No. 1.] On May 8, 2012, Defendant

1 Aztec filed a Declaration of Non-Monetary Status [Doc. No. 6]; on July 25, 2012, the Court *sua*
2 *sponte* dismissed all claims against Defendant Weiss [Doc. No. 17].  On August 7, 2012,
3 Defendants BOA and PHH filed the pending motion to dismiss Plaintiff's complaint.  [Doc. No.
4 18.]  Defendants contend that Plaintiff's complaint fails to state a viable claim for relief.
5   Approximately eight weeks have passed and Plaintiff has failed to file an opposition.
6 Thus, Defendants' motion to dismiss is unopposed.

## II. DISCUSSION

8   A district court may properly grant an unopposed motion to dismiss pursuant to a local rule
9 where the local rule permits, but does not require, the granting of a motion for failure to respond.
10 *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).  Southern District of California Civil Local
11 Rule 7.1 provides:  "If an opposing party fails to file the papers in the manner required by Civil
12 Local Rule 7.1(e)(2), that failure may constitute a consent to the granting of a motion or other
13 request for ruling by the court."  S.D. Cal. Civ. L. R. 7.1(f)(3)(a).  "Although there is . . . a [public]
14 policy favoring disposition on the merits, it is the responsibility of the moving party to move
15 towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics."  *In*
16 *re Eisen*, 31 F.3d 1447, 1454 (9th Cir. 1994) (affirming grant of motion to dismiss for failure to
17 prosecute); *see also Dipp v. BAC Home Loans Servicing, LP*, 2012 U.S. Dist. LEXIS 75696 (S.D.
18 Cal. May 31, 2012) (Battaglia, J.) (dismissing action pursuant to local Rule 7.1 for plaintiff's
19 failure to respond to a motion to dismiss); *Yueh Chen v. PMC Bancorp*, No. 09-CV-2405-WQH
20 (BLM), 2010 U.S. Dist. LEXIS 75468 (S.D. Cal. July 23, 2010) (Hayes, J.) (same); *Steel v. City of*
21 *San Diego*, No. 09-CV-1743-MMA (WVG), 2009 U.S. Dist. LEXIS 103042 (S.D. Cal. Nov. 5,
22 2009) (Anello, J.) (same).
23   The docket reflects that Plaintiff was properly served by mail with the motion to dismiss on
24 August 7, 2012.  [Doc. No. 18-2, p. 2 of 4.]  The motion was originally noticed for hearing on
25 October 9, but was later rescheduled to October 15.  Civil Local Rule 7.1 provides:  "each party
26 opposing a motion . . . must file that opposition . . . with the clerk . . . not later than fourteen (14)
27 calendar days prior to the noticed hearing."  S.D. Cal. Civ. L. R. 7.1(e)(2).  Thus, the opposition to
28 Defendants' motion was due October 1.  Plaintiff, however, failed to file an opposition despite

having a span of approximately 8 weeks between the motion notice and the hearing date. Further, to date, Plaintiff has not sought leave of the Court to file an untimely opposition. The Court concludes that "the public's interest in expeditious resolution of litigation," "the court's need to manage its docket," and "the risk of prejudice to the defendants" weigh in favor of granting the motion to dismiss based on Plaintiff's failure to file a timely opposition. *Ghazali*, 46 F.3d at 53; *see also Dipp*, 2012 U.S. Dist. LEXIS 756696, at *3-5.

### III.  CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendants' motion and **DISMISSES** Plaintiff's complaint without prejudice. The Clerk of Court is instructed to terminate the case.

**IT IS SO ORDERED.**

DATED: October 16, 2012

Hon. Michael M. Anello
United States District Judge