1
2
3
4
5
6
7
8                          **UNITED STATES DISTRICT COURT**
9                          **SOUTHERN DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| 11  MARCUS ROBINSON, | CASE NO. 12-cv-983-MMA (NLS) |
| 12                               Plaintiff, | **ORDER GRANTING** |
|           vs. | **DEFENDANTS' MOTION TO** |
| 13 | **DISMISS** |
| 14  BANK OF AMERICA, N.A., AZTEC | [Doc. No. 18] |
|      FORECLOSURE CORPORATION, PHH | |
| 15  MORTGAGE CORPORATION, ROBERT | |
|      E. WEISS INCORPORATED, DOES 1 | |
| 16  THROUGH 100, | |
|                               Defendants. | |
| 17 | |

18        Currently before the Court is Defendants' Bank of America, N.A. and PHH Mortgage

19  Corporation's motion to dismiss Plaintiff Marcus Robinson's complaint in the above-captioned

20  foreclosure action pursuant to Federal Rule of Civil Procedure 12(b)(6).  [Doc. No. 18.]  The

21  motion is unopposed.   For the reasons set forth below, the Court **GRANTS** the motion and

22  **DISMISSES** Plaintiff's complaint without prejudice.

23                                    **I. BACKGROUND**

24        This action arises from events surrounding the foreclosure proceedings against Plaintiff's

25  property, located at 2628 Secret Lake Lane, Fallbrook, CA 92028.  On April 20, 2012, Plaintiff

26  Marcus Robinson, proceeding *pro se*, filed this foreclosure action against Defendants Bank of

27  America, N.A. ("BOA"), Aztec Foreclosure Corporation ("Aztec"), PHH Mortgage Corporation

28  ("PHH"), and Robert E. Weiss Incorporated ("Weiss").  [Doc. No. 1.]  On May 8, 2012, Defendant

12cv983

1   Aztec filed a Declaration of Non-Monetary Status [Doc. No. 6]; on July 25, 2012, the Court *sua*

2   *sponte* dismissed all claims against Defendant Weiss [Doc. No. 17].  On August 7, 2012,

3   Defendants BOA and PHH filed the pending motion to dismiss Plaintiff's complaint.  [Doc. No.

4   18.]  Defendants contend that Plaintiff's complaint fails to state a viable claim for relief.

5        Approximately eight weeks have passed and Plaintiff has failed to file an opposition.

6   Thus, Defendants' motion to dismiss is unopposed.

7                                **II. DISCUSSION**

8        A district court may properly grant an unopposed motion to dismiss pursuant to a local rule

9   where the local rule permits, but does not require, the granting of a motion for failure to respond.

10  *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).  Southern District of California Civil Local

11  Rule 7.1 provides:  "If an opposing party fails to file the papers in the manner required by Civil

12  Local Rule 7.1(e)(2), that failure may constitute a consent to the granting of a motion or other

13  request for ruling by the court."  S.D. Cal. Civ. L. R. 7.1(f)(3)(a).  "Although there is . . . a [public]

14  policy favoring disposition on the merits, it is the responsibility of the moving party to move

15  towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics."  *In*

16  *re Eisen*, 31 F.3d 1447, 1454 (9th Cir. 1994) (affirming grant of motion to dismiss for failure to

17  prosecute); *see also Dipp v. BAC Home Loans Servicing, LP*, 2012 U.S. Dist. LEXIS 75696 (S.D.

18  Cal. May 31, 2012) (Battaglia, J.) (dismissing action pursuant to local Rule 7.1 for plaintiff's

19  failure to respond to a motion to dismiss); *Yueh Chen v. PMC Bancorp*, No. 09-CV-2405-WQH

20  (BLM), 2010 U.S. Dist. LEXIS 75468 (S.D. Cal. July 23, 2010) (Hayes, J.) (same); *Steel v. City of*

21  *San Diego*, No. 09-CV-1743-MMA (WVG), 2009 U.S. Dist. LEXIS 103042 (S.D. Cal. Nov. 5,

22  2009) (Anello, J.) (same).

23       The docket reflects that Plaintiff was properly served by mail with the motion to dismiss on

24  August 7, 2012.  [Doc. No. 18-2, p. 2 of 4.]  The motion was originally noticed for hearing on

25  October 9, but was later rescheduled to October 15.  Civil Local Rule 7.1 provides:  "each party

26  opposing a motion . . . must file that opposition . . . with the clerk . . . not later than fourteen (14)

27  calendar days prior to the noticed hearing."  S.D. Cal. Civ. L. R. 7.1(e)(2).  Thus, the opposition to

28  Defendants' motion was due October 1.  Plaintiff, however, failed to file an opposition despite

having a span of approximately 8 weeks between the motion notice and the hearing date. Further, to date, Plaintiff has not sought leave of the Court to file an untimely opposition. The Court concludes that "the public's interest in expeditious resolution of litigation," "the court's need to manage its docket," and "the risk of prejudice to the defendants" weigh in favor of granting the motion to dismiss based on Plaintiff's failure to file a timely opposition. *Ghazali*, 46 F.3d at 53; *see also Dipp*, 2012 U.S. Dist. LEXIS 756696, at *3-5.

### III.  CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendants' motion and **DISMISSES** Plaintiff's complaint without prejudice. The Clerk of Court is instructed to terminate the case.

**IT IS SO ORDERED.**

DATED: October 16, 2012

Hon. Michael M. Anello
United States District Judge

12cv983